Filed 12/23/21  Fox v. Forster CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| PATRICIA FOX,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>GARDNER FORSTER III,<br><br>        Defendant and Respondent. | A158103<br><br>(Contra Costa County<br>Super. Ct. No. C19-00105) |

In this action, plaintiff Patricia Fox seeks damages for injuries she suffered in an automobile accident in 1983.  The trial court sustained defendant Gardner Forster III's demurrer without leave to amend.  We conclude the trial court properly ruled the action is barred by res judicata, and we accordingly affirm the judgment.[1]

---

[1] The record contains no judgment of dismissal, and plaintiff informs us none was entered.  We shall order the trial court to enter, nunc pro tunc as of June 26, 2019, the date of entry of the order sustaining the demurrer, a judgment of dismissal, and we construe the notice of appeal to refer to that judgment.  (See *Bartholomew v. YouTube, LLC* (2017) 17 Cal.App.5th 1217, 1226, fn. 4 (*Bartholomew*); *Ulta Salon, Cosmetics & Fragrance, Inc. v. Travelers Property Casualty Co. of America* (2011) 197 Cal.App.4th 424, 426, fn. 1 (*Ulta Salon*).)

1

## STANDARD OF REVIEW

In reviewing an order on a demurrer, " ' " [w]e treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' " ' " (*Bartholomew*, *supra*, 17 Cal.App.5th at p. 1225.) Our review is de novo. (*Ulta Salon*, *supra*, 197 Cal.App.4th at p. 431.)

When a demurrer is sustained without leave to amend, we determine whether there is a reasonable probability the defect can be cured by amendment; if it can be, we reverse for abuse of discretion. The plaintiff bears the burden of proving that probability. (*Bartholomew*, *supra*, 17 Cal.App.5th at p. 1225.)

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an automobile accident that took place in the state of Alaska almost 30 years ago, on March 1, 1983. Defendant was driving while intoxicated when he caused the collision, in which plaintiff suffered permanent injuries. Defendant fled Alaska with criminal charges pending and never returned.

### *The Alaska Action*

In 1987, plaintiff obtained a default judgment of $445,557.49 against defendant in the Alaska superior court. (*Fox v. Forster* (Alaska Super.Ct., 4th.Jud.Dist., Sept. 9, 1987, No. 4FA-85-0455) (the Alaska action).)[2] She did

---

[2] The trial court properly took judicial notice of defendant's application for entry of a sister-state judgment in a related case (*Fox v. Forster* (Super. Ct. Contra Costa County, 2018, No. MSN18-0147)), which attached a copy of the default judgment in the Alaska action. (Evid. Code, § 452, subds. (c), (d).) We likewise take judicial notice of the application and attachment. (Evid. Code, § 459, subd. (a).) On our own motion, we also take judicial notice of the files and the opinion issued by this division in plaintiff's appeal in *Fox v. Forster* (Mar. 26, 2020, A154906) [nonpub. opn.] (*Fox v. Forster I*).

not discover defendant's whereabouts for approximately 20 years, when she learned he was living in Contra Costa County.

### *Fox v. Forster I—Effort to Enforce Alaska Judgment*

In February 2018, plaintiff filed in the Contra Costa County Superior Court an application for entry of a sister-state judgment, to which she attached a copy of the default judgment in the Alaska action.  As explained by a different panel of this division in *Fox v. Forster I*, the trial court there initially granted plaintiff's application for entry of the Alaska judgment, but it later vacated its judgment on the ground that the statute of limitations barred plaintiff's application and the limitations period was not delayed or tolled.

Plaintiff appealed the trial court's decision in *Fox v. Forster I*, arguing that the ten-year statute of limitations for actions on the judgment in another state (Code Civ. Proc., § 337.5) did not apply, that the discovery rule delayed the action's accrual, that defendant should be estopped from asserting the statute of limitations, that equity superseded any legal bar to enforcement of the judgment, and that the judgment was enforceable until satisfied despite the statute of limitations.  This court rejected all of plaintiff's arguments and affirmed the judgment on March 26, 2020.  On July 8, 2020, the California Supreme Court denied plaintiff's petition for review, and the remittitur issued on July 16, 2020. (*Fox v. Forster I*, *supra*, review den. July 8, 2020, S262525.)

### *The Present Action—A Second Action for Personal Injury*

Meanwhile, plaintiff brought the present personal injury action on January 14, 2019, alleging that defendant caused the injuries she sustained in the 1983 accident.  Defendant demurred on the grounds that the action is barred by res judicata because plaintiff has already obtained a final judgment

3

in the Alaska action and that the complaint is time-barred under the statute of limitations for personal injury. The trial court sustained the demurrer without leave to amend, concluding that under either California or Alaska law, the judgment in the Alaska action bars plaintiff from pursuing the same claims in a second lawsuit and that no amendment could change that result.

This appeal ensued. In her notice of related cases filed before the appeal in *Fox v. Forster I* was decided, plaintiff acknowledged that both this case and *Fox v. Forster I* arise from injuries caused by the same car accident, that they involve the same parties, that they are based on the same or similar claims, and that they seek the same damages.

## DISCUSSION

On appeal, plaintiff contends her claims against defendant are not dischargeable, do not expire, need not be renewed, and continue until paid in full. Her arguments are largely irrelevant to whether this action is barred by res judicata.

It is well settled that a trial court's judgment is presumed correct and that the appellant has the burden to show error with reasoned argument and citation to authority. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609; *Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52). Plaintiff has not met her burden, and it is evident that she cannot.

Res judicata, or claim preclusion, " 'prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them.' [Citation.] Claim preclusion arises if a second suit involves (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit. [Citations.] If claim preclusion is established, it operates to bar relitigation of the claim altogether." (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824; accord, *Mycogen Corp. v.*

4

*Monsanto Co.* (2002) 28 Cal.4th 888, 904–905 [earlier successful action had preclusive effect where both suits sought to vindicate same primary right]; see *Pister v. State, Dept. of Revenue* (Alaska 2015) 354 P.3d 357, 362 [res judicata bars subsequent action if prior judgment was final and on the merits, from court of competent jurisdiction, in dispute between same parties about same cause of action].)

That describes this case perfectly. Plaintiff brought an action in Alaska and obtained a judgment awarding damages for the same injuries she asserts now, based on the same accident, against the same defendant. She then brought an unsuccessful action against the same defendant in California seeking to enforce the Alaska judgment on the ground her claim was not time-barred; this division rejected her argument in *Fox v. Forster I*, and that case is now final. She cannot get another bite at the apple by filing a new action against the same defendant for the same damages based on the same accident, once again arguing her claims are not time-barred. The trial court correctly so ruled. Plaintiff's counsel insisted at oral argument that an action to enforce a nondischargeable debt is not subject to the doctrine of res judicata, but he has provided no authority to support that proposition.

Plaintiff also contends the trial court abused its discretion in denying leave to amend her complaint. She has not met her burden to show any amendment that could avoid the bar of res judicata (see *Bartholomew*, *supra*, 17 Cal.App.5th at p. 1225), and we can discern none.

## DISPOSITION

The trial court is directed to enter, nunc pro tunc as of June 26, 2019, a judgment of dismissal. That judgment is affirmed. Defendant shall recover his costs on appeal.

                                                                TUCHER, P.J.

WE CONCUR:

PETROU, J.
RODRÍGUEZ, J.

*Fox v. Forster* (A158103)